IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

BILLY WAYNE WALDEN, SR.                                                                          PLAINTIFF

v.                                        Case No. 6:22-cv-06061

MONTGOMERY COUNTY SHERIFF'S
DEPARTMENT; DAVID WHITE,
Individually and in his official capacity as
Sheriff of Montgomery County, Arkansas;
WILL BRAKEFIELD, Individually and in
his official capacity as Chief Deputy Sheriff
of Montgomery County, Arkansas; GREG
HARMON, Individually and in his official
capacity as an Officer of the Montgomery
County Sheriff's Office; MONTGOMERY
COUNTY, ARKANSAS; and JOHN DOE
I-IV, Individually and in their official capacity                                                DEFENDANTS

## ORDER

Before the Court is Defendants' Motion to Dismiss (ECF No. 11). This matter has been fully briefed and is now ready for consideration. (ECF Nos. 12, 19, 20, 21).

**I.    Background**

    **A.    Procedural History**

On May 26, 2022, Plaintiff, Billy Wayne Walden Sr. ("Walden SR"), filed his complaint against Defendants, Montgomery County Sheriff's Department; David White, individually and in his official capacity as Sheriff for Montgomery County, Arkansas; Will Brakefield, individually and in his official capacity as Chief Deputy Sheriff for Montgomery County, Arkansas; Greg Harmon, individually and in his official capacity as an Officer for the Montgomery County Sheriff's Office; Montgomery County, Arkansas; Arkansas Municipal League and John doe I-IV, individually and in their official capacity, for violation of their Fourth and Fourteenth Amendments (Count I); failure to supervise (Count II); violation of due process claim under 42 U.S.C. § 1983 (Count III); violation of Arkansas Civil Rights Act (Count

IV) and malicious prosecution by defendants David White and Will Brakefield. (ECF No. 2 ¶¶ 23–71). On July 14, 2022, Defendants Montgomery County Sheriff's Office, David White, Will Brakefield, Greg Harmon, and Montgomery County, Arkansas filed a motion to dismiss Plaintiff's complaint for failure to state a claim. (ECF No. 11). On July 20, 2022, Plaintiff filed a motion to dismiss Arkansas Municipal League as a party, which was granted on the same day. (ECF Nos. 13, 14).

  **B.**  **Factual Background**

  On February 11, 2018, Deputy Sheriffs of Montgomery County, Arkansas were dispatched to an Exxon Gas Station and Convenience Store where it was alleged two people were fighting. (ECF No. 2 ¶ 24). After receiving information that the suspects had left the Exxon, the Deputy Sheriff ended up stopping two vehicles, a white Chevrolet truck driven by Joseph Scott Anderson, and an SUV driven by Billy Walden Jr. ("Walden JR") who was accompanied by Bambi Ellison. (*Id.* at ¶ 24-26). Walden, Jr. and Ellison asked the officer multiple times to search Anderson's truck because they believed there was contraband, illegal substances and weapons under the seat. The officer also noted that Ellison had blood on her shoulder and on a sleeve of her white shirt. (*Id.* at ¶ 27).

  Soon after, Game and Fish Officers arrived and began asking questions. *Id.* Anderson stated that he had "fallen down." Wildlife Officers recovered a silver switchblade knife, a set of gold brass knuckles, a black pocketknife, and small bone handle knife that was open, although the complaint is unclear where these items were found. (*Id.* at ¶ 28). After Defendant Will Brakefield arrived, he told Walden, Jr. and Ellison to meet him at the Sheriff's Office, and they complied. Officers searched Anderson's truck and found drug paraphernalia, plastic baggies, a blue bottle of pills, a large baggie with a green leafy substance, and more pills all of which appeared to be illegal drugs. (*Id.* at ¶ 29).

  Walden, Anderson, and Ellison stated that they had gotten into a fight at the Exxon and had left to talk it over, as well as stating that Walden SR had been present before the argument. No one saw a knife at the time, but Anderson was bleeding after the fight. (*Id.* at ¶ 32). The following day, Defendant Brakefield interviewed Anderson again, and Anderson stated that Walden SR, Walden JR and Ellison began hitting

him, and that Walden JR stated, "I will just slice his throat right now and we will take care of him." (*Id.* at ¶ 33).

Over a week later, on February 21, 2018, Anderson provided an affidavit to the Montgomery County Sheriff's Office that did not identify Walden SR as the person that cut or battered him. (*Id.* at ¶ 34). At that time, the Montgomery County Sheriff's Office also had a recorded interview with a third party, where it was stated that Anderson told her that he cut himself because he did not want to go to jail and that Walden JR told her that he did not cut Anderson. (*Id.* at ¶ 35).

On April 20, 2018, after receiving an arrest warrant, the Montgomery County Deputy Sheriffs arrested Walden SR. (*Id.* at ¶ 36). Walden SR was charged with Battery in the First Degree under A.C.A. § 5-13-201 and Terroristic Threatening in the First Degree under A.C.A § 5-13-301. (*Id.* at 37). Both charges were ultimately dismissed after Walden SR was found not guilty by a jury in Montgomery County, Arkansas. (*Id.* at ¶ 22).

## II.     Fed. R. Civ. P. 12(b)(6) Standard

To state a claim upon which relief can be granted a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The complaint must set forth enough facts to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible when the factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*.

When considering Rule 12(b)(6) motions to dismiss, the court must accept as true all factual allegations in the complaint and view them in the light most favorable to plaintiff. *Umland v. Planco Fin. Servs.*, 542 F.3d 59, 64 (3d Cir. 2008). The Court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Papasan v. Allain*, 478 U.S. 265, 286 (1986) (citations omitted).

## III.    Discussion

Plaintiff agrees that the Montgomery County Sheriff's Office is not a separate entity from Montgomery County, which has been named a Defendant in this suit. (ECF No. 20 at 3). Thus, the Montgomery County Sheriff's Office is not a proper Defendant in this case and all claims against it should be dismissed. Plaintiff only challenges the dismissal of the claims against the remaining Defendants.

### A. Claims Against David White, Will Brakefield, Greg Harmon, And John Doe I-IV In Their Individual Capacity

Defendants White, Brakefield, Harmon, and Doe I-IV allege that the claims against them in their individual capacity are barred due to their qualified immunity. A plaintiff can overcome qualified immunity at the pleading stage by pleading facts that show "(1) that the official violated a statutory or constitutional right, and (2) that the right was 'clearly established' at the time of the challenged conduct." *Ashcroft v. al-Kidd*, 563 U.S. 731, 735 (2011) (citing *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982)). Furthermore, Courts have "sound discretion in deciding which of the two prongs of the qualified immunity analysis should be addressed first." *Pearson v. Calahan*, 555 U.S. 223, 236 (2009). For a right to be clearly established "existing precedent must have placed the statutory or constitutional question beyond debate." *White v. Pauly*, 580 U.S. 73, 79 (2017) (citation and internal quotations omitted). The Supreme Court has emphasized that clearly established law should not be defined at a high level of generality, but instead it must be particularized to the facts of the case. *Id.* at 552. This has been generally seen as a requirement that a party identify a case where the government official is acting under similar circumstances as the defendant in question. *Id.*

In this case, Plaintiff alleges that his Fourth, Fifth, and Fourteenths Amendments were violated when he was arrested and that defendants were not trained or supervised properly, leading to the violation of his rights. "In the wrongful arrest context, officers are entitled to qualified immunity if they arrest a suspect under the mistaken belief that they have probable cause to do so, provided that the mistake is objectively reasonable." *Baribeau v. City of Minneapolis*, 596 F.3d 465, 478 (8th Cir. 2010) (internal citations omitted). Here, Defendants had probable cause to arrest Walden, because they had attained a warrant for Plaintiff's arrest from a magistrate judge. *Messerschmidt v. Millender*, 565 U.S. 535, 546 (2012)

4

("the fact that a neutral magistrate has issued a warrant is the clearest indication that the officers acted in an objectively reasonable manner or, as we have sometimes put it, in 'objective good faith.'").

Plaintiff contends that Defendants violated his rights, because when they obtained the arrest warrant, they failed to provide the independent magistrate judge with "the complete and candid information concerning the incident." (ECF No. 2 ¶ 47.d.). "A warrant based upon an affidavit containing 'deliberate falsehood' or 'reckless disregard for the truth,'" such as material omissions of fact as alleged here, "violates the Fourth Amendment." *Bagby v. Brondhaver*, 98 F.3d 1096, 1099 (8th Cir. 1996) (quoting *Franks v. Delaware*, 438 U.S. 154, 171 (1978)). Yet, the 8th Circuit has established "that qualified immunity is appropriate if defendant has been accused of submitting a recklessly false affidavit and if a corrected affidavit would still provide probable cause to arrest or search." *Id.* Here, Plaintiff does not state what specific information was omitted that would have led the magistrate judge to not issue the warrant. The Court finds, however, that a Magistrate judge could have reasonably found probable cause for an arrest warrant to be issued given the totality of the circumstances in this case, even if other facts had been included in the affidavit.

Plaintiff's complaint states that Anderson, Walden JR, and Ellison all made statements that they had gotten into a fight, and that Walden SR was present at the Exxon before the fight had occurred. Although Anderson's statements were inconsistent, he did report that Walden JR, Walden SR, and Ellison had started hitting him with Walden, Jr. stating "I will just slice his throat right now and we will take care of him." Plaintiff was placed at the scene of the crime by all three individuals that were originally questioned, and Ellison even stated that she arrived at the Exxon with the Plaintiff. Furthermore, while the complaint is unclear where these items were found, there was a switchblade knife, set of gold brass knuckles, a black pocketknife, and a small bone handle knife that was open, and Ellison had blood on her shoulder when they were pulled over. Given all of these facts, the magistrate judge would have had probable cause to issue the arrest warrant against the Plaintiff, even had other inconsistent facts been included. The Court finds, therefore, that the individual Defendants are entitled to qualified immunity, and the claims against them in their individual capacities are dismissed.

### B. Claims Against Montgomery County, Arkansas and Named Defendants In Their Official Capacity

"[O]fficial-capacity suits generally represent only another way of pleading an action against an entity of which an officer is an agent [of]." *Monell v. Dept. of Social Services*, 436 U.S. 658, 690 n.5 (1978). Furthermore, local governing bodies are persons for purposes of § 1983. The claims against Defendants White, Brakefield, Harmon, and John Doe I-IV in their official capacity are therefore duplicative of the claims against Montgomery County, Arkansas. *Id*. A "local government may not be sued under § 1983 for an injury inflicted solely by its employees or agents," though. *Id.* at 694. "Instead, it is when execution of a government's policy or custom, whether made by its lawmakers, or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury that the government as an entity is responsible under § 1983." *Id.*

Here, Plaintiff has not alleged that a government policy or custom is what caused the constitutional violation. Rather, Plaintiff contends that his Fourth, Fifth, and Fourteenth Amendments were violated when he was arrested as well as that defendants were not trained or supervised properly, but points to no custom or official policy that caused these alleged violations. Therefore, the claims against Montgomery County, Arkansas and the named Defendants in their official capacity are dismissed.

### C. State Law Claims

Given that the Court has dismissed the federal question claims against all Defendants, the Court chooses to not exercise pendent jurisdiction over the Arkansas state law claims at this time. *United Mine Workers of America v. Gibbs*, 383 U.S. 715, 726 (1966) ("It has consistently been recognized that pendent jurisdiction is a doctrine of discretion, not of plaintiff's right.").

### IV.   Conclusion

It is hereby **ORDERED** that Defendant's Motion to Dismiss (ECF No. 11) is **GRANTED**. All claims against Defendants David White, Will Brakefield, Greg Harmon, and John Doe I-IV individually and in their official capacity are **DISMISSED WITH PREJUDICE**. All claims against Montgomery County Sheriff's Department and Montgomery County, Arkansas are also **DISMISSED WITH**

PREJUDICE.  Furthermore, all state law claims are **DISMISSED WITHOUT PREJUDICE**.  Accordingly, Plaintiff's Complaint (ECF No. 2) is hereby **DISMISSED**.

    **IT IS SO ORDERED** this 26th day of October 2022.

*/s/ Robert T. Dawson*
**ROBERT T. DAWSON**
**SENIOR U.S. DISTRICT JUDGE**